UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In Re:**<br>**Yonts, Tommy and Andrea**<br>Debtor(s)<br><br>Tommy R. Yonts<br>Andrea A. Yonts<br>25 Sycamore Street<br>Tiffin, OH 44883<br><br>Vs<br><br>Bay Area Credit Services, LLC<br>1901 West 10th Street<br>Antioch, CA 94509<br><br><br><br>And<br>Shelly James | Case No.<br><br><br><br>**COMPLAINT** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act U.S.C. § 153 et seq. (TCPA) the Ohio Consumer Sales and Practices Act (O.R.C. §1345.01 et seq.

1 | Page

(OCSPA), and the invasion of Plaintiff' personal privacy by these Defendants in their efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiffs, Tommy and Andrea Yonts, are natural persons who reside in Tiffin, Ohio and were the debtor discharged in bankruptcy in Case No. 13-34208. They are also a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. The Defendants, Bay Are Credit Services, LLC, (hereinafter "Bay Area Credit") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Shelly James (hereinafter "Defendant James") is a natural person who was employed at all times relevant herein by Defendant Bay Area Credit as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), but whose true name is unknown.

## FACTUAL ALLEGATIONS

7. On June 11, 2015, Plaintiff Tommy Yonts received a call from Defendant Bay Area Credit which went to his voicemail informing him of Defendant's attempt to collect a debt

8. On June 13, 2015, Plaintiff called Defendant and told them he and his wife were filing bankruptcy and that they had retained the services of a lawyer, Kevin Mack.

9. After informing Defendant on June 13, 2015, Defendants continued to call the Plaintiffs. Specifically, June 15, 2015 at approximately 8:54 a.m.; June 16, 2015 at approximately 1:16 p.m.; and June 17, 2015 at 8:36 a.m.

## Count I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

10. Plaintiff repeats and reallege and incorporate by reference the preceding paragraphs.

11. Defendants are a "debt collector" as defined by 15 U.S.C. §1692a(6).

12. The alleged debt that defendant seeks to collect in this case is a consumer, personal, family or household debt.

13. Defendants have contacted plaintiff after being notified by plaintiff that they are represented by counsel in willful violation of §1692c(a)(2).

14. Defendants have falsely represented the character, amount, or legal status of any debt in willful violation of §1692e(2).

15. Defendants used false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of §1692e(10).

16. During their collection communications, Defendants and these individual debt collectors employed by Bay Area Credit repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

17. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but

not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

18. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of both Plaintiff and caused them unnecessary personal strain in their relationship with each other, as well as with other family members.

19. Plaintiff has suffered actual damages as a result of these illegal collection activities by these Defendants in the form of increased interest rates on the purchase of a vehicle and their home, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20. All of Defendants activities occurred after the Plaintiff's bankruptcy was discharged and therefore, these specific counts cannot be brought in proceeding before the bankruptcy court. See In Stewart v. Henry (In re Stewart), 62 Fed. Appx. 610 (6th Cir. 2003),

### *Respondeat Superior Liability*

21. The acts and omissions of Defendant Shelly James, and the other debt collectors employed as agents by Defendant Bay Area Credit who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Bay Area Credit.

22. The acts and omissions by Defendant Shelly James and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Bay Area Credit in collecting consumer debts.

23. By committing these acts and omissions against Plaintiff, Defendant Shelly James and these other debt collectors were motivated to benefit their principal, Defendant Bay Area Credit.

24. Defendant Bay Area Credit is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Ohio tort law, in their attempts to collect this debt from Plaintiff.

25. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiff.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

27. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

29. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

30. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

31. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

32. Defendants and their agents intentionally and/or negligently caused emotional harm to each of these Plaintiff' by engaging in highly offensive conduct in the course of

collecting this debt, thereby invading and intruding upon each of these Plaintiff's rights to privacy.

33. Each Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

34. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against these Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## Count III

## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT O.R.C. §1345.01 et seq.

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Plaintiff is a "Consumers" as defined by O.R.C. § 1345.01 (D).

37. Defendants are "Suppliers" as defined by O.R.C. § 1345.01 (C).

38. "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

39. The collection of debts associated with consumer transactions is within the purview of the OCSPA since it covers acts which occur before, during, or after the transaction. See

R.C. 1345.02(A); 1345.03(A); Celebrezze v. United Research, Inc. (1984), 19 Ohio App.3d 49, 19 OBR 131, 482 N.E.2d 1260.

40. Plaintiff have suffered actual damages as a result of these illegal collection activities by these Defendants in the form of increased interest rates on the purchase of a vehicle and their home, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## Count IV

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 153

41. Plaintiff repeat and reallege and incorporate by reference the preceding paragraphs

42. At all times relevant to this complaint, the Plaintiff were and are a "person" as defined by the TCPA 47 U.S.C. § 153(32).

43. At all times relevant to this complaint, the Defendant Bay Area Credit has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

44. The Defendant Bay Area Credit at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

45. The Defendant Bay Area Credit at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

46. At all times relevant to this complaint, the Defendant Bay Area Credit has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

47. At all times relevant to this complaint, the Defendant Bay Area Credit has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

48. Within one year immediately preceding the filing of this lawsuit, Defendant Bay Area Credit telephoned the Plaintiff's phone on at least one occasion and left pre-recorded messages on the Plaintiff's answering service and in violation of the TCPA.

49. Defendant Bay Area Credit and its collectors repeatedly called Plaintiff on their home phone using an automatic telephone dialing system and left them voice mails on their cell phone in an attempt to collect this debt.

50. On many of these messages, Plaintiff heard a message from Defendant Bay Area Credit telling her to return the call and leaving a reference toll free number.

51. Plaintiff received more than a dozen of these auto-dialed calls from Defendant Bay Area Credit.

### *Cease and Desist Request*

52. In September of 2013, Plaintiff spoke with Defendant Sally James and expressly told her to stop calling him and to direct all further calls to their attorney.

53. Defendant Bay Area Credit has continued to call using an automated computerized dialer and a pre-recorded and/or synthesized voice to leave her messages.

10 | Page

54. These messages, sent in willful violation of the TCPA, from Defendant Bay Area Credit to Plaintiff also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11).

55. These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(1), 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(9), 1692e(10), 1692e(11), 1692e(14), and 1692f, amongst others, as well as violations of the TCPA.

*Summary*

All of the above-described collection communications made to Plaintiff by Defendant Bay Area Credit and other collection employees employed by Defendant Bay Area Credit, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of their privacy by the use of repeated calls.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against each and every Defendant:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;
- for such other relief that is just and proper.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff; and
- for such other and further relief as may be just and proper.

## Count III

## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
## O.R.C. §1345.01 et seq.

- for an award of actual damages pursuant to O.R.C. §1345.09(A) against each and every Defendant and for each Plaintiff;
- for an award of noneconomic damages of up to $5,000.00 pursuant to O.R.C. §1345.09(A) against each and every Defendant and for each Plaintiff;
- For an award of treble damages against each and every Defendant and for each Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to O.R.C. §1345.09(F) against each and every Defendant and for each Plaintiff;
- for such other relief that is just and proper

12 | Page

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant Bay Area Credit and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant Bay Area Credit and for Plaintiff;

- for an injunction prohibiting Defendant Bay Area Credit from contacting the Plaintiff on their cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

Respectfully submitted,

Dated: August 26, 2015

**The Law Offices of Kevin A. Mack, LLC**

By: s/Kevin A. Mack
Kevin A. Mack.
Attorney I.D.#0028877
244 S. Washington Street
P.O. Box 567
Tiffin, OH 44883
Telephone: (419) 455-9508
Facsimile: (419) 455-9509
kevin@kmacklaw.com

13 | Page

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing instrument was served by first class mail or electronic transmission on August 26, 2015, to the following:

Par Chada or CEO
Bay Area Credit Services, LLC
1901 West 10th Street
Antioch, CA 94509

HOVG, LLC
1901 WEST 10TH STREET
ANTIOCH, CA 94509

                                                      /s/Kevin A Mack
                                                      Kevin A Mack